STATE, J. PIERPONT MORGAN ET AL., PROSECUTORS, v. COMPTROLLER OF THE CITY OF ELIZABETH.

1. The legislature cannot bestow upon the common council of a city the power to establish taxing districts within the city, narrower in extent than the city limits.
2. The eighty-third section of the city charter of Elizabeth empowers the city to purchase lands at tax sales, for a period not exceeding fifty

Morgan v. Comptroller of Elizabeth.

years. This term is not enlarged by section 22 of the act of 1873, page 778; that provision applies only to purchasers other than the municipality.

3. The errors in the assessment may be amended under the act of 1881, page 194.  *Rev.*, *p.* 1172, §§ 147, 148.

On *certiorari* to review sales for taxes.

Argued at June Term, 1882, before Justices DEPUE and VAN SYCKEL.

For the plaintiffs, *W. P. Wilson.*

For the defendant, *Frank Bergen* and *J. D. Bedle.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The subject-matter for review, in this case, is taxes in the city of Elizabeth for the year 1878, sales of real estate therefor, the certificates of sales, and assignments thereof.

The writs of *certiorari* were allowed in 1879, and it is agreed that no laches is to be imputed to the prosecutors since the allowance of the writ.

The taxes in controversy were assessed under authority of sections 64 and 65 of the charter of the city of Elizabeth.

Section 65 gives the common council power to establish a district within the city, to be called the lamp district, on which may be assessed certain taxes, viz.:

1. For lighting the streets of the city.
2. For improving public parks.
3. For constructing cross-walks.
4. For support of police.
5. For support of the fire department.
6. For supplying the city with water.

In pursuance of this legislation, the common council of Elizabeth established a lamp district within said city, narrower in extent than the city limits.

So much of the taxes for the year 1878 as was appropriated to the support of the fire and police departments of the city, was assessed wholly upon persons and property within said lamp district.

The power of the legislature itself, to erect a taxing district of lesser area than the political district of which it is part, has been denied in a series of cases in this court. *State, McCloskey, pros.*, v. *Chamberlin*, 8 *Vroom* 388; *State, Baldwin, pros.*, v. *Fuller*, 10 *Vroom* 576; *S. C., affirmed*, 11 *Vroom* 615; *State, Lydecker, pros.*, v. *Englewood*, 12 *Vroom* 154.

In this case, the legislature has not established the special taxing district, but has conferred upon the common council of the city the power to do so without expressing, in the language of the act, any limitation upon the exercise of the power.

The question is therefore presented whether it is competent to delegate. to the local government the right to select the area upon which shall be cast the entire cost of lighting the streets, improving the public parks, constructing cross-walks, supporting the police and fire departments, and supplying the city with water.

If such authority be bestowed upon the city, who will determine whether it is fairly exercised?

The power committed to the common council is absolute, and if, under it, an area less than the whole of the municipal territory may be selected for taxation purposes, who will challenge its exercise if the whole of the enumerated burdens be laid upon a single square of the city?

Where, in the judicial mind, will the line be drawn between the whole and a part, or how limited in extent must be the oppressed district, to justify. the court in pronouncing that the granted authority has been abused?

If the cost of supporting the fire and police departments, and the expense of supplying the city with water, may be cast wholly upon a part of the municipality, why may not the entire cost of the city government, including all official salaries, be exacted from the same source?

The imposition of taxation in road districts, for road purposes, furnishes no parallel to this case. The entire township is, for convenience, divided into road districts, by which the burden is made general, and, presumably, is distributed with equality.

Nor can the recognized mode of taxation in school districts be invoked in support of these proceedings. As was shown in *Baldwin* v. *Fuller*, 10 *Vroom* 586, taxation in school districts is anomalous, and is distinguished by features not presented by other cases.

Aside from these considerations, it is clear that the legislature cannot delegate to another tribunal a legislative function which it cannot exercise itself.

No support can be found, either in principle or authority, for the right of the legislature to grant to a municipal government the power upon which the validity of this assessment rests.

In my judgment, this scheme of taxation is also in contravention of the amended constitution of this state, (§ 7, ¶ 12,) which provides that property shall be assessed for taxes, under general laws, by uniform rules, and according to its true valuation.

The provision permitting the common council of Elizabeth to select, within the city limits, any area in its discretion, upon which the taxes for the purposes enumerated may be levied, is not taxation under general laws or by uniform rules. It violates both the letter and spirit of the constitution, and selects persons and objects upon which the public burdens are laid by special rules, applicable to one locality, and not by general laws uniform in their operation.

For the general laws and uniform rules required by the constitution, it substitutes the unrestrained will of the common council, as expressed through city ordinances.

The scheme is fatal to equality and uniformity, and in conflict with fundamental law, and was therefore abrogated by that provision of the constitution which has been referred to. *State* v. *City of Newark*, 10 *Vroom* 380.

In *Trustees of Public Schools* v. *City of Trenton*, 3 *Stew. Eq.* 667, the object of this constitutional guaranty was declared to be to secure to the people of the state the equalization of taxation, so far as was practicable, requiring the imposition of taxes on property by general laws, on the principle of uniformity in the subjects of taxation and in valuations.

There is also a fatal infirmity in the proceedings for the sale of lands for the unpaid taxes.

The sale for a term of nine hundred years, to the city, was unauthorized by law.

The eighty-third section of the city charter empowers the city to purchase for a period not exceeding fifty years. This term is not enlarged by section 22 of the act of 1873, page 778; that provision applies only to purchasers other than the municipality.

For this reason, the certificate of sale is of no validity. *Schatt* v. *Grosch,* 4 *Stew. Eq.* 199 ; *Ludington* v. *City of Elizabeth,* 7 *Stew. Eq.* 358.

This conclusion does not necessitate the setting aside of the entire assessment.

By the act of 1881, page 194, (*Rev., p.* 1172, §§ 147, 148,) the assessment may be amended.

All the assessable property within the entire city limits was valued by the assessor, and it will therefore be mere matter of computation, to ascertain the due burden to be laid in the cases certified.

This act has been recognized as valid in adjudicated cases. *State* v. *Montclair and Greenwood Lake Railroad,* 14 *Vroom* 524; *Clark* v. *Mulford, Collector,* 14 *Vroom* 550; *S. C., affirmed in error, ante p.* 439.

The sale for taxes and certificate thereof are set aside. The tax, for the purposes specified, should have been laid upon the whole city, and not exclusively upon the lamp district.

A reference will be ordered, to correct the assessment.